# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

Crystal Photonics, Inc.,

        Plaintiff,

v.

                                    Case No. 6:21-cv-529-GAP-EJK

Terrell Gray, a citizen of Texas,
formerly identified as John Doe,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court upon Plaintiff's Motion for Entry of Default Final Judgment (the "Motion") (Doc. 31). For the reasons set forth below, I respectfully recommend that the Motion be granted.

## I.    BACKGROUND[1]

### A. Factual Background

Plaintiff manufactures and sells medical imaging grade scintillating crystals that are frequently used in the manufacture of PET scanners. (Am. Compl., Doc. 13 ¶ 7.) Plaintiff sold some of these crystals to Minfound Medical Systems Co. Ltd. ("Minfound"), a corporation established in the People's Republic of China. (*Id.* ¶ 8.)

---

[1] On default, a defendant admits the well-pleaded allegations of fact in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

The crystals were delivered to Minfound in China along with instructions on wiring funds for payment to Plaintiff in the amount of $356,500.00 (the "Funds"). (*Id.* ¶ 9.)

After the payment became past due, Plaintiff contacted Minfound and learned that Minfound had received subsequent, fraudulent wiring instructions to re-route the Funds' wire transfer to an account with JP Morgan Chase, NA ("Chase Bank") located in Katy, Texas. (*Id.* ¶ 10.)  The funds were fraudulently delivered to a bank account at Chase Bank ("Account"). (*Id.*) The Account is solely owned by Defendant according to records from Chase Bank.  (*Id.* ¶ 11.) Defendant has no legal or equitable claim to ownership or possession of the Funds, as Plaintiff is the owner of the Funds. (*Id.* ¶ 11.)

In March 2021, Defendant received $356,500.00 in the Account as a result of what he described as a loan scam perpetrated on him. (Stip. of Def., Doc. 21-1 ¶ 5.) Defendant spent approximately $13,696.24 of the Funds for his own benefit, leaving a balance of approximately $342,803.76 in the Account. (*Id.* ¶¶ 6–7.)

**B. Procedural Setting**

On March 24, 2021, Plaintiff filed (i) its Complaint (Doc. 1)—later amended by its Amended Complaint (Doc. 13)—alleging a conversion action against Defendant, and (ii) its Emergency (ex parte) Motion to Freeze Funds ("Motion to Freeze") (Doc. 3). That same day, the Court granted the Motion to Freeze as a temporary restraining order (the "TRO").  (Doc. 4.)

Thereafter, on April 1, 2021, Plaintiff filed its Motion to Extend Temporary Restraining Order ("Motion to Extend"), wherein Plaintiff requested this Court to

extend the TRO. (Doc. 8.) On April 2, 2021, the Court granted Plaintiff's Motion to Extend, ordering Chase Bank to continue to hold the Funds until April 21, 2021. (Doc. 9.) Then, on April 19, 2021, this Court issued an order converting the TRO into a preliminary injunction after Defendant filed a stipulation in agreement with same (Docs. 21-1, 23.)

Plaintiff personally served Defendant with the operative summons (Doc. 17) and Complaint (Doc. 13) in this matter on April 8, 2021 (*see* Doc. 18). Defendant has not responded or appeared within the time and manner provided by the Federal Rules of Civil Procedure. Thus, on May 5, 2021, Plaintiff filed its Motion for Clerk's Entry of Default (Doc. 29), and on May 6, 2021, the Clerk of Court entered a Clerk's Default (Doc. 30) against Defendant. On May 6, 2021, Plaintiff filed the instant Motion for Entry of Default Final Judgment (Doc. 31).

## II.    STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The mere entry of a default by the Clerk does not, in itself, warrant the Court's entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Rather, a defaulted defendant is only deemed to admit the plaintiff's well-pled allegations of fact. *Id.* "Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that

there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis in original).

"Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic,* 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *Id.* (citing Fed. R. Civ. P. 55(b)(2).) Where all the essential evidence is of record, an evidentiary hearing on damages is not required. *SEC v. Smyth,* 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

## III.    DISCUSSION

### A. Service of Process, Jurisdiction, and Venue

Defendant was personally served, making service effective under Federal Rule of Civil Procedure 4(e)(2)(A). (Doc. 18.) The Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of diverse states and the amount in controversy exceeds $75,000. (Doc. 13 ¶ 3.) Defendant has consented to the entry of default judgment against him (Doc. 21-1 ¶ 9) and has therefore waived any issue regarding personal jurisdiction or venue.

## B. Liability

Plaintiff's sole claim against Defendant is for conversion.

> Under Florida law, conversion is an unauthorized act which deprives another of his property permanently or for an indefinite period of time. Thus, in order to state a claim of conversion, one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property.

*Indus. Park Dev. Corp. v. Am. Exp. Bank, FSB*, 960 F. Supp. 2d 1363, 1366 (M.D. Fla. 2013) (internal citations and quotations marks omitted). Plaintiff has alleged adequate facts here. Specifically, Plaintiff has alleged it was the rightful owner of the Funds and that Defendant wrongfully asserted dominion over the Funds. (Doc. 13 ¶¶ 9–11.)

## C. Damages

First, Plaintiff requests a judgment in the amount of "$356,500.00 less the amount actually received from JP Morgan Chase Bank, NA., which is the outstanding balance in the Account." It is clear that Plaintiff seeks to satisfy the total outstanding Funds balance of $356,500.00 with the remaining Account funds of approximately $342,803.76 so that a judgment of only approximately $13,696.24 would be entered against Defendant following receipt of the Account funds from Chase Bank. This being the case, the undersigned respectfully recommends that the Court first order the frozen Account funds released from Chase Bank, and upon notice of the final amount received from the Account, enter a default final judgment for the difference between the two amounts.

Plaintiff also requests pre- and post-judgment interest in its proposed order, although it provides no briefing in its Motion on its entitlement thereto.

As to prejudgment interest, Plaintiff has asserted one claim arising under state law. In diversity cases, federal courts follow state law governing the award of prejudgment interest. *See Seb S.A. v. Sunbeam Corp.,* 476 F.3d 1317, 1320 (11th Cir. 2007). Under Florida law, "a plaintiff is entitled to prejudgment interest as a matter of law." *Id.* (citing *Argonaut Ins. Co. v. May Plumbing Co.,* 474 So. 2d 212, 215 (Fla.1985)). Where there is no contract rate establishing the appropriate interest rate, the interest rate is set annually by Florida's Chief Financial Officer. *See* Fla. Stat. §§ 687.01 and 55.03. Prejudgment interest in Florida as of the date of loss proposed by Plaintiff, March 12, 2021, was 4.81% per annum.[2] *Argonaut Ins.*, 474 So. 2d at 215.

Plaintiff then requests that prejudgment interest be assessed on the entire amount of the Funds due to it, and not the balance owed. Thus, to calculate the amount of prejudgment interest that accrued, it is necessary to multiply the amount of the loss that Plaintiff incurred as of the date of the loss on March 12, 2021 ($356,500), by the per diem interest rate (.000131781) to get the daily interest amount, and then multiply that number by the number of days from the date of loss to the date of the entry of judgment. Therefore, the undersigned respectfully recommends that the

---

[2] Florida Department of Financial Services, Statutory Interest Rates, *available at* https://www.myfloridacfo.com/Division/AA/LocalGovernments/Current.htm (last accessed July 15, 2021).

Court award Plaintiff prejudgment interest to be determined on the date of the entry of the default final judgment as set forth above.

Plaintiff also requests postjudgment interest and that it be awarded "at the rate of 4.31 per annum, pursuant to Section 55.03, *Florida Statutes*." However, 28 U.S.C. § 1961(a) guides the Court in the award of postjudgment interest on a civil judgment obtained in federal court. It states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."

The methodology for calculating the postjudgment interest rates for state law claims follows the federal standard. *See Ins. Co. of N. Am. v. Lexow,* 937 F.2d 569, 572 n.4 (11th Cir. 1991) ("[I]n awarding postjudgment interest in a diversity case, a district court will apply the federal interest statute, 28 U.S.C. § 1961, rather than the state interest statute."). Therefore, such interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Accordingly, I respectfully recommend the Court award Plaintiff postjudgment interest on the total judgment amount (including prejudgment interest) at the statutory rate set forth in 28 U.S.C. § 1961 as of the date of the entry of the default final judgment.

## IV.    CONCLUSION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Plaintiff's Motion for Entry of Default Final Judgment (Doc. 31);

2. **ORDER** JP Morgan Chase Bank, NA, to promptly transfer all frozen or seized funds in the Account to Lowndes, Drosdick, Doster, Kantor & Reed, P.A.'s trust account via cashier's check or other certified funds;

3. **ORDER** Plaintiff's counsel to promptly file a notice with the Court providing the amount of the funds received from JP Morgan Chase Bank, NA, following receipt of the funds;

4. Subsequently, **ENTER** a default final judgment against Defendant on Count I of the Complaint (Doc. 13) providing Plaintiff shall recover from Defendant:

    (i)    $356,500.00 **less** the amount actually received from JP Morgan Chase Bank, NA., which is the outstanding balance in the Account;

    (ii)    prejudgment statutory interest on $356,500.00 for the period of March 12, 2021, through the date of receipt of the funds in Lowndes, Drosdick, Doster, Kantor & Reed, P.A.'s trust account;

    (iii)    postjudgment statutory interest on such outstanding balance in accordance with statutory rate set forth in 28 U.S.C. § 1961(a); and

(iv)    costs to Plaintiff in an amount to be shown.

5. **FIND** that the Court retains jurisdiction in order to determine the amount of prejudgment interest, postjudgment interest, and the costs incurred by Plaintiff and enter further orders as consistent with this Order.

6. **DENY AS MOOT** Plaintiff's Motion for Entry of Judgment on the Pleadings or, Alternatively, Motion for Conversion of TRO to Permanent Injunction (Doc. 22).

7. Following the entry of default final judgment, **DIRECT** the Clerk of Court to close the file.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 16, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE